WILLIAM W. ALTER, Appellant, v. JOHN N. GRANT *et al.*, Respondents.

### St. Louis Court of Appeals, May 7, 1895.

The Evidence in this cause is considered, and held to warrant the the judgment therein.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*William B. Thompson* and *John R. Warfield* for appellant.

*Wm. F. Smith* for respondents.

BIGGS, J.—This is a suit upon an account, and to enforce a mechanic's lien. The defendant Grant had the contract to build a house for the respondent

Morrissey. The plaintiff, who is a material man, furnished a portion of the lumber for its construction. Grant failed to pay for it, and the plaintiff filed a mechanic's lien against the building and lot. The respondents, Nichols, Ritter and Ingals, held incumbrances against the property. Grant made default. The other defendants filed separate answers, in which they denied that the lien was filed within four months from the date the last items were furnished. Other defenses were set forth, but we need not discuss them. The cause was submitted to the court without the intervention of a jury. No instructions were asked or given. The court entered a judgment against Grant for the amount sued for, but found against the plaintiff as to the lien. The plaintiff has appealed.

The circuit court found that the mechanic's lien was not filed within four months after the last lumber for the building was furnished. As the burden of proving the affirmative of that issue rested on the plaintiff, we must affirm the judgment if there was a substantial conflict in the evidence on the question.

The first nineteen items of the account, as shown by the lien paper, were set out under date of July 5, 1892; the next six were dated July 9; the next three were under date August 4, and the last three are dated August 14. The lien was filed December 13.

The plaintiff introduced evidence tending to prove that the last lot of lumber was delivered on August 13. Against this it was shown by the respondents that, in October, the plaintiff delivered to Grant a statement of the account, which showed that the last lumber for the Morrissey house was delivered on August 11. The plaintiff's book accounts showed that the last items of the account were originally entered as of August 11, and were afterward changed to August 13. The respondents also proved by a witness that

the Morrissey building was about completed on August 11, and that, on that day, the plaintiff delivered to Grant a lot of lumber which corresponded to that set forth in the last items of the account, and which was used by Grant in the construction of another house erected on an adjoining lot.

The bare statement of the foregoing evidence is sufficient to show that we can not disturb the judgment. The circuit court was authorized to find, and did find as it appears from a memorandum filed, that the last lot of lumber was furnished on August 11. The lien was not filed until December 13, which was not within the four months.

The conclusion of the trial judge as to other questions can not affect the result, and, therefore, need not be reviewed. Accordingly, the judgment of the circuit court will be affirmed. All the judges concur.